UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   8:21-mj-1990-SPF
                8:21-mj-1991-SPF

JEREMY BROWN
_____/

### ORDER OF DETENTION PENDING TRIAL

On October 5, 2021, Defendant Jeremy Brown came before the Court for a detention hearing. Brown has been charged in two separate cases. In the first case, pending in the United States District Court for the District of Columbia, Brown is charged by information with entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1), and disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2). Both charges are class A misdemeanors. In the second case, pending in the United States District Court for the Middle District of Florida, Brown is charged with possession of unregistered firearms in violation of 26 U.S.C. § 5861(d). If convicted of the latter offense, Brown may "be fined not more than $10,000, or be imprisoned not more than ten years, or both." 26 U.S.C. § 5871. At the detention hearing, the Government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(E) and (f)(2)(A). Brown opposed the motion.

The Court begins by recognizing that Brown is an American hero. He served this country with distinction for 20 years in the United States Army, including 17 years as a member of the elite United States Army Special Forces (otherwise known

as the Green Berets).  Brown was the recipient of two Bronze Stars awarded for heroic or meritorious achievement or service.  Brown does not have a criminal history and has not been charged with a crime of violence.

Nevertheless, after considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that Brown must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  Brown poses a danger to law enforcement officials, including those that would be tasked with supervising Brown should he be release with conditions.  In addition to other evidence presented at the hearing, the Court is particularly troubled by a sign Brown placed on the door of his residence in which he warned the "FBI/DHS/USMS/HCSO" that they: "Better bring a bigger Tactical PACKAGE." (Doc. 17-15).  While Brown contends the sign was merely a jab at law enforcement, the Court must take the threat seriously.

When executing a search warrant at his residence, law enforcement recovered:

1. tactical gear (Doc. 17-2);
2. a Palmetto Armory rifle, 5.56 caliber, model PA-15 (Doc. 1);
3. a 410-gauge sawed-off shotgun (Doc. 1);
4. two military ordinance M67 grenades (Doc. 1); and
5. boxes of ammunition (Doc. 17-9).

Brown possesses the skill and weapons to make his threat both credible and substantial.

Accordingly, I order that Brown be **DETAINED**.

Brown is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Brown shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Brown to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE in Tampa, Florida, this October 5, 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE